UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDI L. MILLER,

        Plaintiff,

v.                                            Case No. 8:22-cv-1224-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.
_____/

**O R D E R**

**I.  Status**

This cause is before the Court on Plaintiff's Opposed Motion for Award of Attorney's Fees and Costs Pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412, and Memorandum in Support (Doc. No. 27; "Motion"), filed December 22, 2023. In the Motion, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $11,293.79 and costs in the amount of $402.00.[1] Motion at 10; Plaintiff's Attorney's Affidavit Supporting Motion (Doc. No. 28; "Affidavit"), filed December 22, 2023, at 4-5. Defendant filed a response on January 18, 2024. See

---

[1] At one place in the Motion, Plaintiff seeks $11,293.76 (rather than $11,293.79). Motion at 1. This three-cent differential appears to be a scrivener's error.

Defendant's Response in Opposition to Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d) (Doc. No. 33; "Response").

Defendant opposes the Motion on two grounds: 1) some of the work performed by Plaintiff's counsel was clerical in nature and therefore not compensable; and 2) the amount of time Plaintiff's counsel expended overall was excessive. See Response at 1-7. Upon due consideration and for the reasons stated below, the undersigned finds that the Motion is due to be granted in part and denied in part.

## II.   Discussion

**A.   Amount of Attorney's Fees**

Plaintiff's counsel indicates a total of 47.7 hours were expended in the representation of Plaintiff before the Court: 42.6 hours in 2022 and 5.1 hours in 2023. Motion at 1; see also Affidavit at Ex. 2 (Time Sheet). Plaintiff seeks compensation in the amount of $235.81 per hour for the year 2022 and $244.76 per hour for the year 2023. Motion at 1.

Counsel is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase

in inflation does justify a proportionate increase in attorney's fees.[2] Accordingly, the requested hourly rates will be awarded.

As noted, Defendant contests certain tasks that he argues are clerical. See Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (citation omitted) (clerical work is part of unrecoverable overhead expenses). Specifically, Defendant asserts Plaintiff's counsel should not be compensated for 5.8 hours expended for various items including apparent "form" letters to the client; exchanging a form with Defendant's counsel; taking a "phone msg from client re status" and subsequently responding via letters updating the client on the status; calendaring due dates; and organizing emails. Response at 5. Defendant contends that these tasks "do not require the exercise of attorney judgment and could have just as easily been performed by a secretary or legal assistant." Id. (citation omitted).

The undersigned agrees that some of the disputed tasks are clerical in nature and not compensable. However, the letters to the client with specific case updates (as opposed to basic "form" style letters) will be compensated. Entries for calendaring, form letters, and organization totaling 0.8 hours are due to be cut as clerical in nature.

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited Oct. 4, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-00148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Defendant's second objection is to the amount of time spent overall. Defendant argues the "request for over 40 hours for this routine, two-issue social security matter is unreasonable and excessive and should be reduced." Response at 6 (citation omitted). Defendant asserts that the compensable time should be reduced by twenty percent. Id. at 7.

"'[E]xcessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting Hensley v. Echerhart, 461 U.S. 424, 434 (1983)).  To that end, it is important that fee applicants "exercise 'billing judgment,'" meaning "that the hours excluded are those that would be unreasonable to bill a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Id. (quoting Hensley, 461 U.S. at 434).

Here, taking into account the unique facts of the case, the issues presented on appeal, and the many other fee requests with which the undersigned has been presented in these types of cases, the undersigned finds that the overall amount of time expended (except the clerical matters) is reasonable. Although there were no particularly novel legal issues presented, there was an extensive administrative transcript to review (about 1700 pages), more than two thirds of which were medical records (about 1200 pages). See Transcript of Administrative Proceedings (Doc. No. 12), filed August 26, 2022.

4

Moreover, Plaintiff's Memorandum of Law (Doc. No. 19) and Reply (Doc. No. 24) contain particularly detailed citations to the record that reflect thoughtful consideration of and argument about the facts of the case. Although the amount of time reported by Plaintiff's counsel may be higher than that expended by some attorneys, the Court cannot conclude that the amounts reported here are unreasonable. See Gates v. Barnhart, 325 F. Supp. 2d 1342, 1349 (M.D. Fla. 2002). Accordingly, subtracting the 0.8 hours of clerical tasks (0.5 in 2022 and 0.3 in 2023), Plaintiff is entitled to compensation for 42.1 hours in 2022 at an hourly rate of $235.81, and 4.8 hours in 2023 at an hourly rate of $244.76, for a total of $11,102.44 in attorney's fees.

**B.   Assignment of Attorney's Fees**

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Plaintiff's Affidavit and Assignment of EAJA Fee (Doc. No. 29). Regarding the assignment, Plaintiff's counsel represents the following:

> Upon entry of an order granting EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government . . . If the United States Department of Treasury determines that Plaintiff does not owe a debt that is subject to offset, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney.

Motion at 2.

**C. Costs**

With respect to costs, Defendant does not contest Plaintiff's request for $402.00 in costs for the filing fee. The undersigned finds these costs to be appropriate.

### III. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Opposed Motion for Award of Attorney's Fees and Costs Pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412, and Memorandum in Support (Doc. No. 27) is **GRANTED** to the extent that the Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $11,102.44 pursuant to 28 U.S.C. § 2412(d) and costs in the amount of $402.00. The Commissioner may exercise his discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

2. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on October 4, 2024.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record